UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JAMES YBARRA GARZA,** § | | |
| SID/TDCJ ## 06077495/1441532, § | | |
| § | | |
| Petitioner § | | |
| § | | |
| v. § | | Civil Action |
| § | | No. SA-10-CA-800-FB (NN) |
| **RICK THALER,** § | | |
| **Texas Department of Criminal Justice** § | | |
| **Correctional Institutions Division Director,** § | | |
| § | | |
| Respondent § | | |

# S H O W   C A U S E   O R D E R

Petitioner James Ybarra Garza's Application to proceed in forma pauperis is **GRANTED**.

Petitioner Garza's 28 U.S.C. § 2254 Habeas Corpus Petition challenges his July 14, 2008 Bexar County attempted sexual assault conviction in *State v. Garza*, No. 2005-CR-9617 (Tex. 379th Jud. Dist. Ct.).  His State habeas corpus application filed October 16, 2009, was denied on February 3, 2010.

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights.  28 U.S.C. §§ 2241, 2254.  State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).  Rule 2(d) of the Rules Governing § 2254 Proceedings states the petition "shall set forth in summary form the facts supporting each of the grounds."  Petitioner's § 2254 Petition fails to state any grounds for habeas corpus relief, and consequently there are no grounds for the State or this Court to address.  Therefore, **Petitioner is directed to file an amended petition stating what grounds he asserts entitle him to habeas corpus relief.**

"[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006). Title 28 U.S.C. § 2244(d)(1) provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Garza's conviction became final August 15, 2008, thirty days after the entry of his judgment of conviction by the trial court when his time to file a direct appeal expired. *See* Tex. R. App. P. 26.2(a)(1). There was an approximate twenty-five month and one week interval between the time his conviction became final and the filing of his federal Petition on September 23, 2010. Garza's State application was filed after the one-year statute of limitations expired and thus had no tolling effect. Therefore, Garza's federal Petition is apparently barred by limitations. *See* 28 U.S.C. § 2244(d)(1)(D).

Therefore, **this Court directs Petitioner Garza to show cause within twenty-one (21) days why his Habeas Corpus Petition should not be dismissed for failure to present grounds for habeas corpus relief and as barred by limitations**. If Petitioner fails to respond to this Order, his Petition will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**SIGNED** on October 21, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE